United States District Court
Southern District of Texas
**ENTERED**
May 26, 2016
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| **HERIBERTO EZEQUIEL MARTINEZ-GARZA,** § | |
| Petitioner § | |
| § | |
| v. § | **Civil Action No. 1:15-212** |
| § | **Criminal No. 1:14-301-1** |
| **UNITED STATES OF AMERICA,** § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On December 2, 2015, Petitioner Heriberto Ezequiel Martinez-Garza ("Martinez-Garza") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1, p. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be denied, because it is factually and legally meritless.

## I. Procedural and Factual Background

On May 6, 2014, a federal grand jury – sitting in Brownsville, Texas – indicted Martinez-Garza for 1) conspiracy to possess with the intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841 and 846; and, (2) possession with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. U.S. v. Martinez-Garza, Criminal No. 1:14-301-1, Dkt. No. 8 (J. Hanen, presiding) (hereinafter "CR").

### A. Rearraignment

On July 24, 2014, Martinez-Garza entered a guilty plea – without a written plea agreement – before the Magistrate Judge to count two, possession with intent to distribute more than five kilograms of cocaine. CR Dkt. No. 34.

As relevant here, the factual basis for Martinez-Garza's plea of guilty was as follows:

[Assistant U.S. Attorney]: The facts would show that on April 18th of 2014, the Defendant, Heriberto Ezequiel Martinez-Garza, was found in Cameron County, Texas in possession of 11.8 kilograms of cocaine by HSI agents. The defendant gave a statement admitting that he knew the narcotics were present and that he was going to be paid for transporting the narcotics within the United States. The defendant knowingly possessed the narcotics with the intent to distribute them to another person within the United States.

[Court]: All right. Mr. Martinez, are those the facts of your case?

[Martinez-Garza]: Yes.

[Court]: And, now, where was this cocaine hidden?

[Assistant U.S. Attorney]: This was inside of a vehicle that was stopped at the Gateway International Bridge Port of Entry, Your Honor, and it was concealed in the dashboard.

[Court]: Okay. And so you knew that the controlled substances were hidden there in the car?

[Martinez-Garza]:Yes.

[Court]: And you were going to bring them into the United States?

[Martinez-Garza]: Yes.

[Court]: And, Mr. Garza [Martinez-Garza's counsel], are those the facts in the case?

[Defense counsel]: Yes, as far as I understand.

[Court]: Mr. Martinez, are those the facts of your case?

[Martinez-Garza]: Yes.

CR Dkt. No. 46, pp. 63-64.

**B. Pre Sentence Report**

In the final presentence report, Martinez-Garza was assessed a base offense level of 34, predicated upon a finding that Martinez-Garza was accountable for 39.96 kilograms of

cocaine. CR Dkt. No. 27, p. 6.

Martinez-Garza received a two-level reduction for "safety valve," pursuant to U.S.S.G. § 5C1.2. CR Dkt. No. 26, p. 6. He received a further three-level reduction for acceptance of responsibility. Id. Thus, Martinez-Garza was assessed a total offense level of 29. Id.

Regarding his criminal history, Martinez-Garza had no criminal convictions and was assessed no criminal history points. CR Dkt. No. 27, p. 7. Accordingly, he was given a criminal history category of I. Id.

The presentence report, based upon Martinez-Garza's offense level of 29 and criminal history category I, identified a guideline range of 87 to 108 months of imprisonment. Id., p. 9.

On February 17, 2015, the District Court adopted the Magistrate Judge's report and recommendation, accepting Martinez-Garza's guilty plea. CR Dkt. No. 35.

On that same day, the District Court held the sentencing hearing. CR Dkt. No. 43. At that hearing, the parties entered into a stipulation that the drug quantity that Martinez-Garza was to be held responsible – for purposes of the sentencing guideline calculation – would only be the drugs that he possessed at the time of his arrest, i.e. 11.8 kilograms of cocaine. Id, pp. 5-6. Accordingly, Martinez-Garza's revised base offense level was reduced to a level 32.

Martinez-Garza still received the three-level reduction for acceptance of responsibility and the two-level reduction for safety valve. CR Dkt. No. 43, pp. 5-6. Additionally, the Government noted that the sentencing guidelines had changed in the time period between the preparation of the PSR and the sentencing hearing. Id. Martinez-Garza received an additional two-level reduction based on U.S.S.G. amendment 782. Thus, Martinez-Garza's revised total offense level was 25.

A total offense level of 25, with a criminal history category of I, resulted in a revised sentencing range of 57 to 71 months. CR Dkt. No. 43, pp. 4-5.

The District Court sentenced Martinez-Garza to 66 months of incarceration, three years of supervised release and a $100.00 special assessment. CR Dkt. No. 41. The judgment

was issued on March 24, 2015. Id.

### C. Direct Appeal

On February 20, 2015, Martinez-Garza filed a notice of appeal. Dkt. No. 36.

On appeal, Martinez-Garza – through appointed counsel – raised the argument that the factual basis for the plea was insufficient because it did not prove that Martinez-Garza knew the type and quantity of drugs that he possessed. On October 22, 2015, the Fifth Circuit affirmed the conviction, holding that "knowledge of drug type and quantity is not an element of a 21 U.S.C. § 841 offense." CR Dkt. No. 52.

On December 4, 2015, Martinez-Garza filed a petition for writ of certiorari in the Supreme Court. On January 11, 2016, that petition was denied. Ruiz-Vasquez v. U.S., 136 S. Ct. 868, 193 L. Ed. 2d 763 (2016).[1]

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On December 2, 2015, Martinez-Garza timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In that motion, Martinez-Garza asserted two bases for relief: (1) the factual basis for his plea was insufficient because it "did not establish that I knew the type and quantity of controlled substance I possessed;" and, (2) his counsel was ineffective for failing to seek a two-level reduction in his sentence based on the amended sentencing guidelines. Dkt. No. 1.[2]

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

---

[1] The Court notes that on August 19, 2015, Martinez-Garza filed a motion for a reduction in his sentence based on the amendment to the sentencing guidelines. Dkt. No. 50. On December 15, 2015, the Court denied the motion, holding that Martinez-Garza received the benefit of the amended guidelines in his original sentence. Dkt. No. 56.

[2] The Court further notes that Martinez-Garza's conviction was not yet final at the time that he filed the instant petition because his petition for writ of certiorari was still pending at the Supreme Court. His conviction has since become final, making the instant petition ripe for adjudication.

**II. Applicable Law**

   **A. Section 2255**

Martinez-Garza seeks relief under 28 U.S.C. § 2255. Dkt. No. 1, p. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

The Court reserves relief under section 2255 for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996) (quoting U.S. v. Segler, 37 F. 3d 1131, 1133 (5th Cir. 1994)).

An exception to this rule, regarding direct appeal, are claims of ineffective assistance of counsel. Such claims are properly made pursuant to § 2255, because they are issues of constitutional magnitude that cannot – as a general rule – be resolved on direct appeal. U.S. v. Bass, 310 F.3d 321, 325 (5th Cir. 2002).

   **B. Ineffective Assistance of Counsel**

"The Sixth Amendment right of criminal defendants to the assistance of counsel includes the right to the effective assistance of counsel." Loden v. McCarty, 778 F.3d 484, 494 (5th Cir. 2015). To succeed on a claim of ineffective assistance of counsel, the petitioner must prove: (1) defense counsel was objectively deficient; and, (2) defense counsel's errors prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Regarding the first prong of the Strickland test, the petitioner must show that defense counsel's representation "fell below an objective standard of reasonableness." Id. at 688. This standard is highly deferential and carries "a strong presumption that the decisions of counsel fall within a wide range of professional assistance." Granados v. Quarterman, 455

F.3d 529, 534 (5th Cir. 1994).

As to the second prong of the Strickland test, the petitioner must show a "reasonable probability" that, but for the trial counsel's errors, he would have served less time in jail. U.S. v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004); Glover v. U.S., 531 U.S. 198, 203 (2001) ("any amount of jail time has Sixth Amendment significance").

If a petitioner fails to prove either prong, it is not necessary to analyze the other one. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.") The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Martinez-Garza's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Martinez-Garza's claims.

**A. Factual Basis**

Martinez-Garza asserts that the factual basis for his plea was insufficient because it did not establish that he knew the type and quantity of drugs that he possessed. This claim is meritless and is contrary to the facts.

Martinez-Garza raised this issue on appeal and it was rejected by the Fifth Circuit. CR Dkt. No. 52. "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." U.S. v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); U.S. v. Fields, 761 F.3d 443, 466 (5th Cir.

6

2014), cert. denied, 135 S. Ct. 2803, 192 L. Ed. 2d 847 (2015). Because this issue has been decided by the Fifth Circuit, this Court cannot consider it.[3] Accordingly, this claim should be denied.

### B. Sentencing Reduction

Martinez-Garza claims that his defense counsel was ineffective for failing to seek a two-level downward departure based on the amendments to the sentencing guidelines. Dkt. No. 1, pp. 5. This claim is belied by the record.

Martinez-Garza's counsel, in fact, sought such a departure. CR Dkt. No. 43, pp. 2-5. Moreover, the Government agreed that the guideline had been amended and did not object to application of the new guideline. Id. Thus, not only did Martinez-Garza's counsel make the exact argument that Martinez-Garza claims he failed to make, Martinez-Garza received the benefit of that argument.

Indeed, the facts and sentence show that the Court granted a two-level downward departure based upon the amendment. Martinez-Garza's lawyer was not deficient; he was precisely the opposite. Given that this claim is contradicted by the record, it is meritless and should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that Petitioner Heriberto Ezequiel Martinez-Garza's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED.**

---

[3] The Court notes that the Fifth Circuit has previously concluded that knowledge of the drug type and quantity possessed are not elements of the offense. U.S. v. Betancourt, 586 F.3d 303, 309 (5th Cir. 2009). Thus, even if this Court considered Martinez-Garza's claim on its merits, it would fare no better.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2001). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Martinez-Garza's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Martinez-Garza's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1)(eff. Dec. 1, 2009). Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985);

Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

      DONE at Brownsville, Texas, on May 26, 2016.

                                                  _____
                                                  Ronald G. Morgan
                                                  United States Magistrate Judge